TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ILIAMNA NATIVES LTD. and ALASKA PENINSULA CORP., | |
| Plaintiffs, | |
| v. | Case No.3:24-cv-00132-SLG |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

## DEFENDANTS' ANSWER

Defendants, the United States Environmental Protection Agency; Michael S. Regan, in his official capacity as Administrator of the Environmental Protection Agency; and Bruno Pigot, in his official capacity as the Environmental Protection Agency's Acting Assistant Administrator for Water (collectively, "EPA"), hereby answer the Complaint filed by Plaintiffs in this matter. *See* ECF 1.

## GENERAL DENIAL

Except for the allegations specifically admitted below, EPA denies each and every allegation in the Complaint.

## SPECIFIC RESPONSES

### <u>JURISDICTION AND VENUE</u>[1]

1.      This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes.[2]

2.      This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes.

---

[1]  Topic headings are from the Complaint and are incorporated here solely for ease of reference. Their use does not constitute any admission by EPA. Sub-headings are not included.

[2]  Throughout this Answer, the term "inconsistent with" includes, without limitation, any inconsistencies with language, meaning, or context, and also includes not being contained in or part of.

3.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes.

## INTRODUCTION

4.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the Clean Water Act ("CWA") speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the CWA. EPA denies that Congress unconstitutionally delegated authority to EPA.

5.     The Final Determination that Plaintiffs challenge in this case and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous.[3] Subject to that objection, EPA states that the first sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA admits only that the Pebble deposit contains copper and other minerals. EPA

---

[3] This objection is based in part on the use of the term "veto," which does not fully capture the scope of actions that EPA is authorized to take under CWA Section 404(c), 33 U.S.C. § 1344(c), or the EPA action at issue in this case. Defendants object to the use of that term and its variants throughout the Complaint.

objects to the second sentence of this paragraph as so vague, ambiguous, and speculative that it precludes a meaningful response, and denies the allegations on that basis.

6.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that Pebble Limited Partnership ("PLP") and/or Northern Dynasty Minerals Ltd. ("NDM") have been pursuing development of a mine at the Pebble deposit since the early 2000s. EPA objects to the second and third sentences as vague, ambiguous, and speculative. Subject to those objections, in response to the second sentence, EPA admits only that Plaintiffs have provided some services and land use to PLP related to the Pebble deposit. In response to the third sentence, EPA admits only that Plaintiffs' past services provided jobs for Plaintiffs' shareholders.

7.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that PLP submitted to the United States Army Corps of Engineers ("Corps") a CWA Section 404 permit application that speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with that application. In response to the second sentence, EPA admits only that PLP's administrative appeal of the Corps' 2020 permit denial was pending when EPA issued the

Final Determination. The third sentence of this paragraph appears to characterize the Corps' April 15, 2024, Record of Decision ("2024 Denial Decision"), which speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the 2024 Denial Decision.[4]

8.      This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that the CWA speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the CWA.

9.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the allegations of this paragraph as so vague and ambiguous that they preclude a meaningful response, and EPA denies the allegations on that basis.

10.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that

---

[4] In addition, the allegations in this paragraph characterize a document that is not part of EPA's administrative record. This Answer does not endeavor to identify all of the Complaint's references to other documents that are not contained in EPA's administrative record. Nonetheless, none of those extra-record documents is to be considered in judicial review of the Final Determination. *See, e.g.*, Complaint, ¶¶ 35, 41.

this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations.

PARTIES

11.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute. To the extent a further response is deemed required, EPA admits only that Iliamna Natives Limited ("Iliamna Natives") and Alaska Peninsula Corporation ("APC") are Alaska Native Village corporations within the meaning of the Alaska Native Claims Settlement Act, 43 U.S.C. §§ 1601– 1629h ("ANCSA") and that under ANCSA, the Native Corporations were deeded landholdings near the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and denies the allegations on that basis.

12.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that the Native Village of Iliamna, Alaska, is approximately 18.7 miles from the approximate center of the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and denies the allegations on that basis.

13.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, in response to the first sentence, EPA admits only that Iliamna Natives have provided some services to PLP related to the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence, and denies the allegations on that basis.

14.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits the allegations of the first sentence of this paragraph. EPA objects to the second, third, and fourth sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of those sentences, and denies the allegations on that basis.

15.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that APC has provided some services and land use to PLP related to the Pebble deposit. EPA objects to the second sentence of this paragraph as

vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this sentence, and denies the allegations on that basis.

16. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and denies the allegations on that basis.

17. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA states that the statutes discussed in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes. EPA admits only that it is an agency within the Executive Branch of the United States and that EPA issued the Final Determination.

18. EPA admits the allegations of the first sentence of this paragraph. The second sentence of this paragraph characterizes Plaintiffs' case, to which no response is required.

19.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits the allegations of the first sentence of this paragraph. EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA admits only that Radhika Fox signed the Final Determination while she was the Assistant Administrator for Water.  The third sentence of this paragraph characterizes Plaintiffs' case, to which no response is required.

## LEGAL BACKGROUND

20.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the CWA speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the CWA. EPA admits only that the CWA contains the quotation included in the paragraph.

21.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the CWA speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the CWA.

22.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that the Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are

inconsistent with Section 404(c). EPA admits only that Section 404(c) contains the quotation included in the paragraph.

23.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that Section 404(c) and the case cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with Section 404(c) or the cited case. EPA admits only that Section 404(c) and the cited case contain the quotations included in the paragraph.

<u>FACTUAL ALLEGATIONS</u>

24.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in that sentence, and denies the allegations on that basis. In response to the second sentence, EPA admits only that the Pebble deposit underlies the headwaters of the South Fork Koktuli, North Fork Koktuli, and Upper Talarik watersheds, and that various sources have indicated that the Pebble deposit may be one of the world's largest undeveloped copper deposits. The third sentence of this paragraph characterizes one or more studies from unspecified researchers, which speak for themselves

and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with those studies.

25.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, in response to the allegations of the first sentence of this paragraph, EPA admits only that the Pebble deposit extends over an area of at least 1.9 by 2.8 miles. In response to the second sentence, EPA admits only that the approximate center of the Pebble deposit is about 18.7 miles northwest of Iliamna Village and approximately 17 miles northwest of the Village of Newhalen. In response to the third sentence, EPA admits only that the Pebble deposit underlies the headwaters of Upper Talarik Creek. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this sentence, and denies the allegations on that basis.

26.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits the allegations in the first sentence. In response to the second sentence, EPA admits only that Northern Dynasty acquired claims related to the Pebble deposit in 2001.

27.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and denies the allegations on that basis.

28.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that beginning in 2004, Northern Dynasty engaged with the Corps in pre-CWA Section 404 permit application meetings and that PLP submitted to the Corps in December 2017 a CWA Section 404 permit application to develop a mine at the Pebble deposit.

29.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. To the extent a further response is deemed required, EPA admits only that it participated in various inter-agency working groups with Northern Dynasty and/or PLP beginning in 2004 to discuss, for

example, the potential environmental impacts associated with developing a mine at the Pebble deposit and environmental baseline studies in preparation for review of the mine project, and that in 2011 PLP provided EPA Region 10 with an environmental baseline document that presented the results of baseline studies conducted from 2004 through 2008. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence of this paragraph, and denies the allegations on that basis.

30.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that this sentence characterizes letters EPA received from Tribes and other stakeholders regarding potential mining of the Pebble deposit, which speak for themselves and are the best evidence of their content. EPA denies the allegations of the first sentence of this paragraph to the extent they are inconsistent with those letters. In response to the second sentence, EPA admits only that in 2011, it announced publicly its intent to conduct a scientific assessment to evaluate how future large-scale mining projects might affect water quality and Bristol Bay's salmon fishery.

31.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to

this paragraph as vague and ambiguous. Subject to that objection, EPA states that the allegations of this paragraph characterize EPA's 2014 Proposed Determination, which speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the 2014 Proposed Determination. In response to the allegations of the second and third sentences, EPA admits only that PLP had not yet submitted a Section 404 permit application to the Corps when EPA issued the 2014 Proposed Determination.

32.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits that PLP challenged the 2014 Proposed Determination on various grounds in this Court, including in a Federal Advisory Committee Act ("FACA") case, and that this Court issued a preliminary injunction in that case. In response to the second sentence, EPA admits only that it entered into a settlement with PLP to resolve the FACA case and a related FOIA case. The "FACA/FOIA Settlement" speaks for itself and is the best evidence of its content. EPA denies the allegations of the second sentence to the extent they are inconsistent with that settlement.

33.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only

that PLP submitted to the Corps a CWA Section 404 permit application in December 2017, that PLP submitted to the Corps a revised permit application in June 2020, that the Corps published notice of availability of its Final Environmental Impact Statement ("FEIS") in July 2020, and that the FEIS contains the quotation included in the paragraph. Those documents speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with these documents.

34.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that the Corps' Record of Decision ("ROD") denying the permit application was signed on November 24, 2020. The ROD speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with that ROD.

35.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that PLP filed an administrative appeal of the 2020 permit denial. PLP's administrative appeal document speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent that they are inconsistent with that document. In response to the second and third sentences, EPA admits only that an administrative appeal decision was issued on April 24, 2023. That decision speaks for itself

and is the best evidence of its content. EPA denies the allegations to the extent that they are inconsistent with that decision.

36. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that several groups challenged EPA's decision to withdraw the 2014 Proposed Determination in this Court. The remainder of the allegations in this paragraph characterize decisions from this Court and the Ninth Circuit, which speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with those decisions.

37. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to first and third sentences of this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that in September 2021 it filed a motion with this Court to vacate EPA's withdrawal of the 2014 Proposed Determination and that this Court granted EPA's motion. EPA's motion and this Court's order speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with these documents.

38.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. EPA admits only that the Final Determination contains the quotation included in the paragraph.

39.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record.

40.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record.

41.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that the Corps issued the 2024 Denial Decision in April 2024 and that it contains the quotations included in this paragraph. The 2024 Denial Decision speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the 2024 Denial Decision.

42. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is required, EPA states that this paragraph states legal conclusions to which no response is required. To the extent a response is deemed required, EPA objects to the second sentence as speculative. Subject to that objection, EPA states that this paragraph appears to characterize the effect of the Final Determination on PLP's ability to pursue a Section 404 permit and/or the Corps' authority Section 404. EPA denies the allegations to the extent they are inconsistent with Section 404 or its implementing regulations. EPA admits only that the Final Determination has binding legal effect regarding the Corps' specification of disposal sites for the discharges addressed in the Final Determination within the Defined Area for Prohibition and the Defined Area for Restriction.

43. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record.

44. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the allegations of the two sentences of this paragraph as vague and ambiguous. Subject to

that objection, in response to the first sentence, EPA admits only that Iliamna Natives and APC own lands in the vicinity of the Pebble deposit and that they have provided some services to PLP related to the Pebble deposit. In response to the second sentence, EPA admits only that Plaintiffs have provided some land use to PLP related to the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence, and denies the allegations on that basis.

45. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis. EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in that sentence, and denies the allegations on that basis. In response to the third sentence, EPA admits only that Plaintiffs have provided some services and land use to PLP related to the Pebble deposit.

46. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA states that it

lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and denies the allegations on that basis.

47. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, in response to the first sentence, EPA admits only that APC owns APC Services, LLC, an environmental consulting company that has provided some services to PLP related to the Pebble deposit. In response to the remaining sentences, EPA objects to the second and fourth sentences as vague and ambiguous. Subject to those objections, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second, third, and fourth sentences of this paragraph, and denies the allegations on that basis.

48. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and denies the allegations on that basis.

49. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA admits only that Iliamna Natives has provided some services and land use to PLP related to the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and denies the allegations on that basis.

50. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that APC has provided some services and land use to PLP related to the Pebble deposit. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and denies the allegations on that basis.

51. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first and second sentences of this paragraph, and denies the allegations on that basis. The third sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the allegations of the third sentence of this paragraph as vague, ambiguous, and speculative. Subject to that objection, EPA denies the allegations of the third sentence of this paragraph.

52.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the allegations of the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of this paragraph, and denies the allegations on that basis. The second sentence of this paragraph characterizes an alleged quotation from a former APC chairman, which speaks for itself and is the best evidence of its content. EPA denies the allegation to the extent it is inconsistent with the former APC chairman's quotation. To the extent a further response is required, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence of this paragraph, and denies the allegations on that basis. EPA objects to the allegations of the third sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the third sentence of this paragraph, and denies the allegations on that basis.

53.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first sentence of this paragraph states conclusions of law to which no response is

required. To the extent a response is deemed required, EPA states that Section 404(c) and other legal authorities apparently referenced in the first sentence of this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with Section 404(c) and those legal authorities. EPA objects to the allegations of the second, third, and fourth sentences as so vague and ambiguous that they preclude a meaningful response, and EPA denies the allegations on that basis.

DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

54.     This paragraph incorporates by reference the allegations set forth in paragraphs 1 to 53, and no response is required. To the extent a response is deemed required, EPA incorporates by reference its responses to paragraphs 1 to 53.

55.     EPA denies the allegations of this paragraph.

56.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the allegations of the second sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence of this paragraph, and denies the allegations on that basis.

57.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the first sentence of this paragraph as vague, ambiguous, and speculative. Subject to that objection, EPA states that this sentence appears to characterize the effect of the Final Determination on PLP's ability to pursue a Section 404 permit and/or the Corps' authority under Section 404. EPA denies the allegations to the extent they are inconsistent with Section 404 or its implementing regulations. EPA admits only that the Final Determination has binding legal effect regarding the Corps' specification of disposal sites for the discharges addressed in the Final Determination within the Defined Area for Prohibition and the Defined Area for Restriction. To the extent a further response is deemed required, EPA states that this sentence characterizes Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, EPA denies that Plaintiffs are entitled to their requested relief. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this sentence, and denies the allegations on that basis. EPA objects to the second sentence of this paragraph as so vague, ambiguous, and speculative that it precludes a meaningful response, and denies the allegations on that basis.

58. This paragraph states conclusions of law to which no response is required.

59. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA admits only that the 2023 Final Determination was published in the Federal Register on February 3, 2023.

60. This paragraph incorporates by reference the allegations set forth in paragraphs 1 to 59, and no response is required. To the extent a response is deemed required, EPA incorporates by reference its responses to paragraphs 1 to 59.

61. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute. EPA admits only that the statute contains the quotation included in the paragraph.

62. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the U.S. Constitution and the CWA speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the U.S. Constitution and the CWA. EPA admits only that the CWA contains the quotation included in the paragraph.

63. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the court decisions cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the court decisions. EPA admits only that the court decisions contain the quotations included in the paragraph, without ellipses.

64. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are

inconsistent with Section 404(c). EPA admits only that the statute contains the quotation included in the paragraph, without ellipses.

65. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the first sentence as vague and ambiguous. Subject to that objection, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with Section 404(c). EPA admits only that Section 404(c) contains the quotations included in the paragraph. To the extent a further response is required, EPA denies the allegations of this paragraph.

66. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that Section 404(c) and the cited court decision speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with Section 404(c) and the cited case. EPA admits only that Section 404(c) and the cited case contain the quotations included in the paragraph, without ellipses. EPA denies that Section 404(c) gives EPA unbounded authority.

67. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that Section 404(c), the regulation, and the court decision cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with those authorities. EPA admits only that Section 404(c), the regulation, and the court

decision contain the quotations included in the paragraph, without ellipses. EPA denies that Congress unconstitutionally delegated authority to EPA.

<u>PRAYER FOR RELIEF</u>

The remainder of Plaintiffs' Complaint consists of the prayer for relief, to which no response is required. To the extent a response is deemed required, EPA denies that Plaintiffs are entitled to any relief.

**DEFENSES**

EPA reserves the right to assert every affirmative defense or other defense that may be available, including any defense available under Federal Rules of Civil Procedure 8 or 12.

Respectfully submitted on September 13, 2024,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

*Elisabeth H. Carter*
ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

*Attorneys for the United States*