Damien M. Schiff, Cal. Bar No. 235101*
Luke A. Wake, Cal. Bar No. 264647*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
DSchiff@pacificlegal.org
LWake@pacificlegal.org

*Pro Hac Vice

*Attorneys for Plaintiffs*
*Iliamna Natives Ltd. and*
*Alaska Peninsula Corp.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ILIAMNA NATIVES LTD. and ALASKA PENINSULA CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br> Defendants. | Case No. 3:24-cv-00132-SLG |

**PLAINTIFFS' RESPONSE TO MOTIONS TO INTERVENE**

Plaintiffs Iliamna Natives Ltd. (INL) and Alaska Peninsula Corporation (APC) do not oppose the permissive intervention, under Federal Rule of Civil Procedure 24(b), of United Tribes of Bristol Bay, et al., Doc. 21, Trout Unlimited, Doc. 23, and SalmonState, et al., Doc. 32, subject to the conditions set forth in the Court's orders granting intervention to these same parties in

*Northern Dynasty Minerals, Ltd. v. U.S. EPA*, 3:24-cv-00059-SLG, Doc. 95, at 14-15, and *State of Alaska v. U.S. EPA*, 3:24-cv-00084-SLG, Doc. 57, at 4-6.

If, however, the Court should indicate that it is inclined to grant intervention here without such conditions, Plaintiffs would respectfully request the opportunity to file a supplemental brief responding to the motions to intervene. In that brief, Plaintiffs would demonstrate that unconditioned intervention as of right is unwarranted here because the Federal Defendants adequately represent the proposed intervenors' interests. *See Ariz. State Legislature v. Biden*, No. CV-24-08026-PCT-SMM, Doc. 72, at 7-13 (D. Ariz. Sept. 9, 2024) (denying intervention to coalition of tribes and conservation groups in challenge to Antiquities Act monument designation because their interests were adequately represented by federal defendants). *See generally Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998) (per curiam) ("A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.").

Intervention without conditions is particularly inapt here because INL and APC bring a constitutional challenge to Section 404(c) of the Clean Water Act itself. *See* Compl. ¶¶ 60-67. In contrast, the challenges advanced in the

*Northern Dynasty* and *Alaska* cases are limited, in pertinent part, to attacking EPA's *exercise* of an asserted administrative veto power under Section 404(c). This distinction is important because the Federal Defendants have never denied, and cannot plausibly be expected to deny, that they constitutionally possess such statutory authority. *See generally* The Attorney General's Duty to Defend and Enforce Constitutionally Objectionable Legislation (July 30, 1980)[1] (the Department of Justice generally is obliged to defend all Congressional legislation against constitutional challenge).

DATED: October 7, 2024.

Respectfully submitted,
DAMIEN M. SCHIFF*
LUKE A. WAKE*

*Pro Hac Vice*        By  /s/ Damien M. Schiff
DAMIEN M. SCHIFF, *Pro Hac Vice*
Cal. Bar No. 235101

*Attorneys for Plaintiffs
Iliamna Natives Ltd. and
Alaska Peninsula Corp.*

---

[1] *Available at* https://www.justice.gov/file/149186-0/dl?inline (last visited Oct. 4, 2024).

**Certificate of Service**

I certify that on October 7, 2024, I filed the foregoing using the Court's ECF system, which will provide service to all counsel of record.

                                        /s/ Damien M. Schiff
                                        DAMIEN M. SCHIFF, *Pro Hac Vice*

*Iliamna Natives Ltd. v. EPA*          4
No. 3:24-cv-00132-SLG
Case 3:24-cv-00132-SLG   Document 37   Filed 10/07/24   Page 4 of 4