# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ILIAMNA NATIVES LTD., et al.,<br><br>        Plaintiffs,<br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>        Defendants,<br><br>  and<br><br>UNITED TRIBES OF BRISTOL BAY, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:24-cv-00132-SLG |

## ORDER RE MOTIONS TO INTERVENE

Before the Court are three motions to intervene. At Docket 23, Trout Unlimited moves to intervene as a matter of right, or, in the alternative, permissively. At Docket 21, United Tribes of Bristol Bay, Bristol Bay Native Association, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Commercial Fishermen for Bristol Bay, and Bristol Bay Regional Seafood Development Association (collectively "Bristol Bay Intervenors") so move. And, at Docket 32, SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation

Association, National Wildlife Federation, Sierra Club, The Alaska Center, Wild Salmon Center, Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources Defense Council (collectively "SalmonState Intervenors") so move. Plaintiff, Iliamna Natives Ltd., *et al*., states its non-opposition to the motions, provided they are subject to the same conditions set forth in the Court's orders granting intervention to these same parties in two other related cases.[1]

Permissive intervention pursuant to Rule 24(b) is appropriate with respect to Trout Unlimited, Bristol Bay Intervenors, and Salmon State Intervenors. The Complaint in this suit, like those filed in the related matters, asserts that a 2023 Final Determination published by the EPA is unlawful and seeks a declaration vacating it.[2] Given that the three Complaints assert the same basic claim, seek the same relief, and involve the same intervenor-defendants, this Court's reasoning for allowing permissive intervention in those related cases, applies in this case as well.

In brief, the Court has previously concluded that each of the putative intervenor-defendants met the three threshold requirements for permissive intervention.[3] So too in this case, the three threshold requirements for permissive

---

[1] Docket 37, citing *Northern Dynasty Minerals, Ltd. v. U.S. EPA*, 3:24-cv-00059-SLG, Doc. 95, at 14-15, and *State of Alaska v. U.S. EPA*, 3:24-cv-00084-SLG, Doc. 57, at 4-6.

[2] *Compare* Docket 1 at 21 *with* Docket 91 at 51, *N. Dynasty Mins. Ltd., et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 16, 2024).

[3] Docket 95 at 6–13, *N. Dynasty Mins. Ltd. et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 2024) (first citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011); then citing *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th

Case No. 3:24-cv-00132-SLG, *Iliamna Natives LTD v. EPA*
Order re Motions to Intervene
Page 2 of 5
Case 3:24-cv-00132-SLG   Document 39   Filed 10/10/24   Page 2 of 5

intervention are satisfied. No independent basis for jurisdiction is necessary because the Court has federal question jurisdiction over the action and the proposed intervenors are not raising new claims.[4] The putative intervenors' motions are timely as they were filed during the early stages of this litigation.[5] And there are common questions of law and fact because the proposed intervenor-defendants intend to oppose Plaintiffs' challenges to the lawfulness of the EPA's 2023 Final Determination and thus they intend to assert legal and factual defenses that directly relate to the subject matter of this litigation.[6]

Furthermore, as the Court explained in its Order re Motions to Intervene in *Northern Dynasty,* each of the putative intervenor-defendants has an interest in the current litigation that it has endeavored to protect through participation in administrative proceedings, previous litigation, and other advocacy.[7] In addition,

---

Cir. 2022); and then citing Fed. R. Civ. P. 24(b)(3)).

[4] *Freedom from Religion Found., Inc.*, 644 F.3d at 844.

[5] *See* Docket 1 (complaint filed June 24, 2024); Docket 23 (Trout Unlimited's motion to intervene filed September 30, 2024); Docket 21 (Bristol Bay Intervenors' motion to intervene filed September 27, 2024); Docket 32 (SalmonState Intervenors' motion to intervene filed October 1, 2024); *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motions to intervene are considered timely when they are "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings").

[6] *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (quoting *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993) ("A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . . before the district court. . . .'").

[7] *See* Docket 95, *N. Dynasty Mins. Ltd. et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 2024).

Case No. 3:24-cv-00132-SLG, *Iliamna Natives LTD v. EPA*
Order re Motions to Intervene
Page 3 of 5
Case 3:24-cv-00132-SLG   Document 39   Filed 10/10/24   Page 3 of 5

the proposed intervenor-defendants' interests may not be adequately represented by the federal government, which has changed its position with respect to a Section 404(c) veto and may do so in the future, particularly if there is a change in agency leadership. Finally, there is no undue prejudice as the Court will impose conditions on the participation of the intervenor-defendants designed to minimize delay and duplication.

The Court finds that the following restrictions on the Intervenor-Defendants' participation in the case are warranted:[8]

1. Each set of Intervenor-Defendants—Bristol Bay Intervenors, Trout Unlimited, and SalmonState Intervenors—shall each file one consolidated merits brief.

2. One lead counsel for each set of intervenors shall have the sole authority to participate in and speak for that set of intervenors on case scheduling matters and disputes involving the administrative records. Each such attorney shall be the same as the person designated in the two related cases.[9]

---

[8] *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992)) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition.").

[9] *See* Manual for Complex Litigation § 10.22 (4th. ed. 2023) (noting that, in complex cases, "the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation").

Case No. 3:24-cv-00132-SLG, *Iliamna Natives LTD v. EPA*
Order re Motions to Intervene
Page 4 of 5

Case 3:24-cv-00132-SLG   Document 39   Filed 10/10/24   Page 4 of 5

3. Intervenor-Defendants shall meet and confer to coordinate their briefing. Intervenor-Defendants shall, to the greatest extent possible, avoid duplication in their merits briefing. Intervenor-Defendants' briefing shall limit the factual and procedural background of their merits briefing to solely those topics not addressed in Federal Defendants' merits briefing.

4. Each set of Intervenor-Defendants shall be restricted to a single merits brief that must not exceed 20 pages or 5,700 words.[10] If used, word counts must be certified at the end of the document.

## CONCLUSION

For the foregoing reasons, the Motions to Intervene at Dockets 21, 23, and 32 are each **GRANTED** with the above listed conditions on intervention. Each set of Intervenor-Defendants shall file a clean, previously undocketed Answer to the Complaint within **7 days** of the date of this order. The case caption is amended as shown above.

DATED this 10th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Although the page and word limitations set forth in Local Civil Rules 16.3(c) and 7.4(a) generally apply in administrative appeals, the Court believes that these shorter limits should be adequate for the Intervenor-Defendants, particularly given its instruction to limit the factual and procedural background in the Intervenor-Defendants' merits briefing.

Case No. 3:24-cv-00132-SLG, *Iliamna Natives LTD v. EPA*
Order re Motions to Intervene
Page 5 of 5
Case 3:24-cv-00132-SLG   Document 39   Filed 10/10/24   Page 5 of 5