Paul A. Werner*
Steven P. Hollman*
Abraham J. Shanedling*
Hannah J. Wigger*
Christopher L. Bauer*
Alexandra Bustamante*
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

**Pro hac vice* application to be filed

*Attorneys for Proposed Intervenor-Defendant Trout Unlimited*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ILIAMNA NATIVES LTD., *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>        Defendants,<br><br>TROUT UNLIMITED,<br><br>        Intervenor-Defendant. | Case No. 3:24-cv-00132-SLG |

# ANSWER OF
# PROPOSED-INTERVENOR-DEFENDANT TROUT UNLIMITED

Intervenor Defendant Trout Unlimited answers and responds to the Complaint for Declaratory Judgment and Injunctive Relief (Dkt. 1) filed by Plaintiffs Iliamna Natives Ltd., and Alaska Peninsula Corp. (collectively "Plaintiffs").

## JURISDICTION AND VENUE

1. The allegations in paragraph 1 contain legal conclusions, and no response is required.

2. The allegations in paragraph 2 contain legal conclusions, and no response is required.

3. The allegations in paragraph 3 contain legal conclusions, and no response is required.

## INTRODUCTION

4. The allegations in paragraph 4 attempt to characterize the Clean Water Act ("CWA"), which speaks for itself, and is the best evidence, thus no response is required. Trout Unlimited otherwise denies any allegation that the CWA – which was duly enacted by Congress over 50 years ago – is unconstitutional or that the Environmental Protection Agency's ("EPA's") exercise of its authority under the CWA is unlawful in any way.

5. Trout Unlimited denies the allegations in paragraph 5, including the speculative allegation that absent the EPA's action, "mine development would have continued."

-2-

*Iliamna Natives Ltd., et al. v. EPA*, Case No. 3:24-00132-SLG

6. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 6, and on that basis denies them.

7. The allegations in paragraph 7 characterize a permit application before the U.S. Army Corps of Engineers (the "Corps") and regulatory processes, all of which speak for themselves, are the best evidence, and thus no response is required.

8. Trout Unlimited denies the allegations in paragraph 8.

9. Trout Unlimited denies the allegations in the first sentence of paragraph 9. Trout Unlimited is without sufficient knowledge to admit or deny the remaining allegations in paragraph 9, and on that basis denies them.

10. Trout Unlimited denies the allegations in paragraph 10.

## PARTIES

11. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 11, and on that basis denies them. To the extent the allegations characterize the Alaska Native Claims Settlement Act, that statute speaks for itself, is the best evidence, and thus no response is required.

12. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 12, and on that basis denies them.

13. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 13, and on that basis denies them.

14. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 14, and on that basis denies them.

15. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 15, and on that basis denies them.

16. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 16, and on that basis denies them.

17. The allegations in paragraph 17 contain legal conclusions, and no response is required.

18. Trout Unlimited admits that Michael Regan is the Administrator of the EPA. The remaining allegations in paragraph 19 contain legal conclusions to which no response is required.

19. Trout Unlimited admits that Bruno Pigott is the EPA's Acting Administrator for Water. The remaining allegations either contain legal conclusions or characterize EPA's Final Determination, which speak for themselves, are the best evidence, and require no response.

## LEGAL BACKGROUND

20. The allegations in paragraph 20 characterize the CWA, which speaks for itself, and is the best evidence, thus no response is required. To the extent paragraph 20 contains legal conclusions, no response is required.

21. The allegations in paragraph 21 characterize the CWA, which speaks for itself, and is the best evidence, thus no response is required. To the extent paragraph 21 contains legal conclusions, no response is required.

22. The allegations in paragraph 22 characterize the CWA, which speaks for itself, and is the best evidence, thus no response is required. To the extent paragraph 22 contains legal conclusions, no response is required.

23. The allegations in paragraph 23 contain legal conclusions, and no response is required.

## FACTUAL ALLEGATIONS

24. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 24, and on that basis denies them.

25. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 25, and on that basis denies them.

26. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 26, and on that basis denies them.

27. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis denies them.

28. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in the first paragraph of paragraph 28, and on that basis denies them. The remaining allegations in paragraph 28 characterize the Final Determination, and the

-5-

regulatory processes of the Corps and EPA, which speak for themselves, and are the best evidence, thus no response is required.

29. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies them.

30. The allegations in paragraph 30 characterize a regulatory process and the EPA's actions, which speak for themselves, and are the best evidence, thus no response is required.

31. The allegations in paragraph 31 characterize the EPA's 2014 Proposed Determination and the regulatory process, which speak for themselves, and are the best evidence, thus no response is required.

32. The allegations in paragraph 32 characterize judicial proceedings, which speak for themselves, and are the best evidence, thus no response is required.

33. The allegations in paragraph 33 characterize permit applications by PLP, a regulatory process, and the Corps' actions, which speak for themselves, and are the best evidence, thus no response is required.

34. The allegations in paragraph 33 characterize the Corps' actions and a regulatory process, which speak for themselves, and are the best evidence, thus no response is required. Trout Unlimited however denies the allegation that the Corps' actions were "unfounded."

35. The allegations in paragraph 33 characterize the Corps' actions and a regulatory process, which speak for themselves, and are the best evidence, thus no response is required.

36. The allegations in paragraph 36 characterize judicial proceedings, which speak for themselves, and are the best evidence, thus no response is required.

37. The allegations in paragraph 36 characterize judicial proceedings, a regulatory process, and EPA's actions, all of which speak for themselves, and are the best evidence, thus no response is required.

38. The allegations in paragraph 38 characterize the EPA's Final Determination, which speaks for itself, and is the best evidence, thus no response is required.

39. The allegations in paragraph 39 characterize the EPA's Final Determination, which speaks for itself, and is the best evidence, thus no response is required.

40. The allegations in paragraph 40 characterize the EPA's Final Determination, which speaks for itself, and is the best evidence, thus no response is required.

41. The allegations in paragraph 41 characterize the Corps' actions, which speak for themselves, and are the best evidence, thus no response is required.

42. The allegations in paragraph 42 characterize the Corps' and the EPA's Final Determination, which speak for themselves, and are the best evidence, thus no response is required. To the extent the allegations in paragraph 42 also contain legal conclusions regarding the Corps' and EPA's regulatory processes, no response is required either.

43. The allegations in paragraph 43 characterize the EPA's Final Determination, which speaks for itself, and is the best evidence, thus no response is required.

44. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 44, and on that basis denies them.

45. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 45, and on that basis denies them.

46. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 46, and on that basis denies them.

47. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 47, and on that basis denies them.

48. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 48, and on that basis denies them.

49. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 49, and on that basis denies them.

50. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 50, and on that basis denies them.

51. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 51, and on that basis denies them.

52. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 52, and on that basis denies them.

53. The allegations in paragraph 53 characterize the EPA's actions, the administrative record, and the EPA's CWA regulatory process, which speak for themselves, and are the best evidence, thus no response is required.

## DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

54. Trout Unlimited denies each and every allegation contained in paragraphs 1 through 53, except as specifically admitted or qualified.

55. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 55, and on that basis denies them.

56. The allegations in the first sentence paragraph 56 characterize the EPA's Final Determination, which speaks for itself, and is the best evidence, thus no response is required. Trout Unlimited is without sufficient knowledge to admit or deny the remaining allegations in paragraph 56, and on that basis denies them.

57. The allegations in paragraph 57 characterize the EPA's and the Corps' regulatory processes, which speak for themselves, and are the best evidence, thus no

response is required. To the extent paragraph 57 contains legal conclusions, no response is required. Trout Unlimited denies, however, the allegation that Section 404(c) of the CWA is "an unconstitutional delegation of legislative power to EPA."

58. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 58, and on that basis denies them. To the extent the allegations in paragraph 58 contain legal conclusions, no response is required.

59. The allegations in paragraph 59 contain legal conclusions, and no response is required.

## CLAIM FOR RELIEF

60. Trout Unlimited denies each and every allegation contained in paragraphs 1 through 59, except as specifically admitted or qualified.

61. The allegations in paragraph 61 contain legal conclusions, and no response is required.

62. The allegations in paragraph 62 contain legal conclusions, and no response is required.

63. The allegations in paragraph 63 contain legal conclusions, and no response is required.

64. The allegations in paragraph 64 characterize the CWA, which speaks for itself, and is the best evidence, thus no response is required. To the extent paragraph 64 contains legal conclusions, no response is required.

-10-

65. The allegations in paragraph 65 characterize the CWA and the Section 404(c) regulatory process, which speak for themselves, and are the best evidence, thus no response is required. To the extent paragraph 65 contains legal conclusions, no response is required.

66. The allegations in paragraph 66 characterize the CWA and the Section 404(c) regulatory process, which speak for themselves, and are the best evidence, thus no response is required. To the extent paragraph 66 contains legal conclusions, no response is required. Trout Unlimited denies, however, any allegation in paragraph 66 that Section 404(c) of the CWA is unconstitutional.

67. The allegations in paragraph 67 characterize the CWA and the Section 404(c) regulatory process, which speak for themselves, and are the best evidence, thus no response is required. To the extent paragraph 67 contains legal conclusions, no response is required. Trout Unlimited denies, however, any allegation in paragraph 67 that Section 404(c) of the CWA is unconstitutional.

## **PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint constitute the Plaintiffs' Prayer for Relief to which no response is required. To the extent that a response is required, Trout Unlimited denies that Plaintiffs are entitled to any of the equitable and legal relief they requests, including costs and attorneys' fees.

## GENERAL DENIAL

Trout Unlimited denies any and all allegations in the Plaintiffs' Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Trout Unlimited further answers the Plaintiffs' Complaint by asserting the following affirmative defenses:

1. Plaintiffs fails to state a claim upon which relief can be granted.

2. To the extent Plaintiffs has raised issues or claims that were not timely presented to the EPA during the relevant rulemaking process leading up to the EPA's Final Determination, those issues or claims are barred for failure to exhaust administrative remedies.

3. Plaintiffs' claims are barred because the EPA's Final Determination is consistent with the CWA.

4. Plaintiffs' claims are barred because the EPA acted well within its constitutional and statutory authority and discretion when it issued the EPA's Final Determination.

5. Plaintiffs' claims are barred because the EPA reasonably exercised its discretion and faithfully carried out its legislative mandate and authority under the CWA.

6. Plaintiffs' claims are barred because the EPA faithfully followed the requisite procedures to issue the Final Determination.

-12-

*Iliamna Natives Ltd., et al. v. EPA*, Case No. 3:24-00132-SLG

7. Plaintiffs' claims are barred because the EPA's Final Determination is supported by substantial evidence.

* * *

Trout Unlimited reserves the right to amend and/ or supplement these affirmative defenses as appropriate.

## REQUEST FOR RELIEF

Having fully answered the allegations in the Complaint, Trout Unlimited respectfully requests that the Court enter judgment against Plaintiffs as follows:

(1) A final judgment dismissing with prejudice the claims alleged in the Complaint.

(2) A final judgment awarding such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 11, 2024 Respectfully submitted,

By: *s/ Austin Williams*
Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

Paul A. Werner*
Steven P. Hollman*
Abraham J. Shanedling*
Hannah J. Wigger*
Christopher L. Bauer*
Alexandra Bustamante*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

**Pro hac vice* application submitted*

*Attorneys for Proposed Intervenor-Defendant Trout Unlimited*