James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com
*Attorneys for Bristol Bay Economic Development Corporation*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ILIAMNA NATIVES LTD., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*<br><br>    Defendants.<br><br>    and<br><br>UNITED TRIBES OF BRISTOL BAY, *et al.*,<br><br>    Intervenor-Defendants. | No. 3:24-cv-00132-SLG |

### CONSOLIDATED ANSWER OF INTERVENOR-DEFENDANTS UNITED TRIBES OF BRISTOL BAY, BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, BRISTOL BAY NATIVE CORPORATION, AND BRISTOL BAY REGIONAL SEAFOOD DEVELOPMENT ASSOCIATION

*Iliamna Natives Ltd. v. EPA*
Case No. 3:24-cv-00132-SLG

1

Intervenor-Defendants United Tribes of Bristol Bay, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, and Bristol Bay Regional Seafood Development Association, through their respective counsel, answer Plaintiffs' Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint:

## JURISDICTION AND VENUE

1. The allegations in paragraph 1 state a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

2. The allegations in paragraph 2 state a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

3. The allegations in paragraph 3 state a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

## INTRODUCTION

4. The first sentence in paragraph 4 purports to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents and Congress's intent in enacting it. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegations contained in the second and third sentences of this paragraph.

5. Paragraph 5 purports to characterize EPA decisions and the impacts of those decisions and those characterizations are denied. The best evidence of EPA's decisions and actions with respect to applications seeking permits for development of the Pebble

Mine, and the impacts of those decisions and actions, are the documents issued by EPA, itself.

6. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 6, and therefore deny the same.

7. The allegations in the first sentence of paragraph 7 are admitted. The allegations in the second sentence of paragraph 7 contain characterizations of EPA's actions and decisions that are denied. The best evidence of EPA's decisions and actions with respect to applications seeking permits for development of the Pebble Mine, and the impacts of those decisions and actions, are the documents issued by EPA, itself. The allegations in the third sentence of paragraph 7 are denied because they incompletely describe the basis for the U.S. Army Corps of Engineers' ("Army Corps") decision.

8. The allegations in paragraph 8 state a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

9. The allegations in the first sentence of paragraph 9 contain characterizations of EPA's actions and decisions that are denied. The best evidence of EPA's decisions and actions with respect to applications seeking permits for development of the Pebble Mine, and the impacts of those decisions and actions, are the documents issued by EPA itself. Intervenor-Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 9, and therefore deny the same.

10. The allegations in paragraph 10 state a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

## PARTIES

### Plaintiffs

11. The allegations in the first sentence of paragraph 11 are admitted. Intervenor-Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 11, and therefore deny the same.

12. The allegations in paragraph 12 are admitted, except the allegations in the second clause of the second sentence in paragraph 12 are denied for lack of information.

13. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 13, and therefore deny the same.

14. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 14, and therefore deny the same.

15. Intervenor-Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 15, and therefore deny the same.

16. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 16, and therefore deny the same.

### Defendants

17. Intervenor-Defendants admit that EPA is an executive branch department of the U.S. government. To the extent paragraph 17 purports to characterize EPA's legal responsibilities and agency actions, the relevant laws, regulations, and actions speak for

themselves and are the best evidence of their contents, and, therefore, no response is required.

18.  Intervenor-Defendants admit that Michael S. Regan is the EPA Administrator.  To the extent paragraph 18 purports to characterize the EPA Administrator's legal responsibilities, the relevant laws, regulations, and actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

19.  Intervenor-Defendants admit that Bruno Pigott is the EPA Acting Assistant Administrator for Water.  To the extent paragraph 19 purports to characterize actions taken by prior EPA officials, the relevant actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

## LEGAL BACKGROUND

20.  The allegations in paragraph 20 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

21.  The allegations in paragraph 21 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

22.  The allegations in paragraph 22 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

23. Intervenor-Defendants deny the allegations contained in the first sentence of paragraph 23. The allegations contained in the second sentence of this paragraph purport to characterize Ninth Circuit case law, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language, meaning, and context of the relevant case law is denied.

## FACTUAL ALLEGATIONS

24. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 24, and therefore deny the same.

25. Intervenor-Defendants admit the allegations in the first and second sentences of paragraph 25. As to the third sentence, Intervenor-Defendants admit that Upper Talarik Creek runs through the Pebble deposit but are without sufficient information to form a belief as to the remaining allegations of the third sentence, and therefore deny the same.

26. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 26, and therefore deny the same.

27. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 27, and therefore deny the same.

### *Agency Proceedings*

28. The allegations contained in the first sentence of paragraph 28 are vague and ambiguous and are therefore denied. The allegations in the second sentence of paragraph 28 attempt to characterize Final Determination issued by the EPA and the application to the Army Corps for a CWA Section 404 permit for the Pebble Mine. The best evidence of

*Iliamna Natives Ltd. v. EPA*
Case No. 3:24-cv-00132-SLG

6

the findings and conclusions in the EPA's Final Determination is the Final Determination, itself, and Intervenor-Defendants deny any characterizations of that document contained in paragraph 28 that do not accurately reflect the EPA's actual findings and conclusions. The best evidence of the contents of the CWA Section 404 application to the Army Corps is the permit application itself and associated agency record, and Intervenor-Defendants deny any characterizations of that document and associated agency record contained in paragraph 28 that do not accurately reflect the documents themselves.

29. The allegations contained in the first sentence of paragraph 29 are vague and ambiguous and are therefore denied. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in the second sentence of paragraph 29, and therefore deny the same.

30. The characterization of actions by groups and individuals who believed, as the EPA eventually found, that development of the Pebble Mine would result in unacceptable adverse effects, and irreversibly and catastrophically affect the people and resources of the Bristol Bay region are a matter of agency record and Intervenor-Defendants deny the characterization of those efforts contained in the first sentence of paragraph 30. The allegations in the first sentence of paragraph 30 purport to characterize the agency's record, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-

Defendants are without sufficient information to form a belief as to the allegations contained in the second sentence of paragraph 30, and therefore deny the same.

31. The allegations in paragraph 31 purport to characterize the 2014 Proposed Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

32. Intervenor-Defendants admit the allegations in the first and second sentences of paragraph 32, but note that the chronology set out in paragraph 32 is incomplete and, therefore, misleading. As to the third sentence in paragraph 32, the settlement agreement between EPA and Pebble Limited Partnership ("PLP") speaks for itself and is the best evidence of its content. Any allegations inconsistent with the settlement agreement are denied.

33. Intervenor-Defendants admit that in 2017 PLP submitted a CWA Section 404 permit application to the Army Corps' Alaska District for the discharge of dredge and fill material in the headwaters of Bristol Bay's Nushagak and Kvichak watersheds. The allegations in the second and third sentences of paragraph 33 purport to characterize the agency's record and Final Environmental Impact Statement ("EIS"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Army Corps record and final EIS are denied.

34. Intervenor-Defendants admit that, with a more than ample basis, the Army Corps denied PLP's permit application. The remaining allegations in paragraph 34 are denied.

35. Intervenor-Defendants admit that PLP appealed the denial of the permit, and that the Army Corps' review officer remanded the matter on a very limited basis for additional findings by the Army Corps. To the extent the allegations of paragraph 35 purport to characterize the agency's record and administrative appeal decision, those documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Army Corps record and administrative appeal decision are denied. The remaining allegations in paragraph 35 are denied.

36. Intervenor-Defendants admit that a substantial and wide variety of groups challenged the EPA's withdrawal of the 2014 Proposed Determination, and further admit that the district court granted a Motion to Dismiss that action and that the Ninth Circuit Court of Appeals reversed the lower court's decision and remanded the matter to the district court. The remaining allegations in paragraph 36 are denied because they contain an incomplete, and therefore inaccurate, characterization of the Ninth Circuit's decision; the Ninth Circuit's decision speaks for itself and is the best evidence of its contents.

37. Intervenor-Defendants admit the allegations contained in paragraph 37 except those in the first sentence that characterize or imply the reasons why EPA requested

that the court vacate EPA's prior withdrawal of the 2014 Proposed Determination and those in the third sentence that characterize or imply the 2023 Final Determination was preemptive.

38. Intervenor-Defendants admit that, in the Final Determination, EPA restricted and prohibited the use of waters in the Bristol Bay watershed because EPA concluded that the proposed mining project would "have unacceptable adverse effects on anadromous fishery areas in the SFK, NFK, and UTC watersheds." As to the remaining allegations in the first sentence of sentence of paragraph 38 and in the remaining portions of paragraph 38, the 2023 Final Determination and EPA's record speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the 2023 Final Determination and associated record are denied.

39. The allegations in paragraph 39 purport to characterize the EPA's Final Determination and associated federal register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

40. The allegations in paragraph 40 purport to characterize the EPA's Final Determination and associated federal register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

41. Intervenor-Defendants admit that in April 2024 the Army Corps denied PLP's permit application in reliance on EPA's Proposed Determination. The remaining allegations in paragraph 41 are denied because they either inaccurately or incompletely characterize the reasons for the Army Corps' denial.

42. The allegations in paragraph 42 contain hypothetical scenarios and are only conjecture, not statements of fact, and therefore are denied.

43. Intervenor-Defendants admit the allegations in paragraph 43.

### Injuries to Iliamna Natives and APC

44. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 44, and therefore deny the same.

45. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 45, and therefore deny the same.

46. Intervenor-Defendants admit that the State of Alaska owns and operates an airport in Iliamna. Intervenor-Defendants are without sufficient information to form a belief as to the remaining allegations in paragraph 46, and therefore deny the same.

47. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 47, and therefore deny the same.

48. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 48, and therefore deny the same.

49. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 49, and therefore deny the same.

*Iliamna Natives Ltd. v. EPA*
Case No. 3:24-cv-00132-SLG

11

Case 3:24-cv-00132-SLG    Document 41    Filed 10/11/24    Page 11 of 17

50. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 50, and therefore deny the same.

51. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 51, and therefore deny the same.

52. Intervenor-Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 52, and therefore deny the same. Intervenor-Defendants also note that many Bristol Bay Native individuals, groups, tribes, associations, and corporations strongly and actively opposed development of the Pebble Mine for many of the same reasons that caused the EPA to conclude that the mine would result in unacceptable adverse effect on the Bristol Bay environment, region, and people.

53. Intervenor-Defendants admit that EPA met and consulted with a very large number of groups of individuals and groups in connection with its Section 404(c) review process. Indeed, since convening this process in 2011, EPA received and considered more than three million comments and convened dozens of public meetings and private consultations, as detailed in the agency's Final Determination. To the extent the allegations of paragraph 53 purport to characterize the agency's record, the record speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of EPA's record are denied. Intervenor-Defendants deny the remaining allegations in paragraph 53.

## DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

54. Intervenor-Defendants incorporate their responses to the preceding paragraphs by reference.

55. Intervenor-Defendants deny the allegations in paragraph 55.

56. Intervenor-Defendants admit the allegations in the first sentence of paragraph 56. Intervenor-Defendants are without sufficient information to form a belief as to the remaining allegations contained in the second sentence of paragraph 56, and therefore deny the same.

57. The allegations in paragraph 57 contain hypothetical assertions of law and legal consequences, not statements of fact, and therefore do not require a response. To the extent that a response to the allegations is required, the allegations in paragraph 57 are denied.

58. The allegations in paragraph 58 contain assertions of law, not statements of fact, and therefore do not require a response. To the extent that a response to the allegations is required, the allegations in paragraph 58 are denied.

59. The allegations in paragraph 59 contain assertions of law, not statements of fact, and therefore do not require a response. To the extent that a response to the allegations is required, the allegations in paragraph 59 are denied.

## CLAIM FOR RELIEF

60. Intervenor-Defendants admit and deny the allegations of this paragraph as stated above.

61. The allegations in paragraph 61 purport to characterize the Administrative Procedure Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

62. The allegations in paragraph 62 purport to characterize the United States Constitution, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63. The allegations contained in paragraph 63 purport to quote from and characterize Supreme Court case law, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the plain language, meaning, and context of the relevant case law is denied.

64. The allegations in paragraph 64 purport to quote from and characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

65. The allegations contained in paragraph 65 state legal conclusions and do not require a response. To the extent a response is required, the allegations are denied.

66. The allegations in paragraph 66 purport to quote from and characterize the Clean Water Act and related case law, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language, meaning, and context of the statute and case law are denied.

67. The allegations contained in paragraph 67 state legal conclusions and do not require a response. To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

Any and all allegations in Plaintiffs' Complaint, including allegations reflected in section headings and subheadings, that are not expressly and specifically admitted above, are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim for relief on which relief may be granted.

### Second Affirmative Defense

Plaintiffs' Complaint fails to establish that some or all of its claims are ripe for judicial review.

Intervenor-Defendants reserve the right to assert such other affirmative defenses as may become known or available in the course of this litigation.

## PRAYER FOR RELIEF

Intervenor-Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 6 of the Prayer for Relief. Intervenor-Defendants request that Plaintiffs' Complaint be denied in its entirety, that Plaintiffs takes nothing and are awarded no relief thereby, and that Intervenors-Defendants be awarded their costs and fees incurred in connection with defeating Plaintiffs' claims.

DATED this 11th day of October, 2024.

          SUMMIT LAW GROUP PLLC
*Attorneys for Bristol Bay Economic Development Corporation*

By: *s/ Jeffrey M. Feldman*
James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)


          BESSENYEY & VAN TUYN, L.L.C.
*Attorneys for Bristol Bay Native Corporation*

By:  *s/ Peter Van Tuyn*
Peter Van Tuyn (AK Bar No. 8911086)
Karen Schmidt (AK Bar No. 1211113)


          NATIVE AMERICAN RIGHTS FUND
*Attorneys for United Tribes of Bristol Bay*

By:  */s/ Matthew N. Newman*
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)


          CASHION GILMORE & LINDEMUTH
*Attorney for Bristol Bay Regional Seafood Development Association, Inc.*

By:  *s/ Scott Kendall*
Scott Kendall (AK Bar. No. 0405019)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-000132-SLG who are registered CM/ECF users will be served by the CM/ECF system.

        Summit Law Group, PLLC

        *s/ Denise Brandenstein*
        **Denise Brandenstein,** Legal Assistant
        *deniseb@summitlaw.com*