Siobhan McIntyre (AK Bar No. 1206050)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
121 West Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
smcintyre@trustees.org
jcahoon@trustees.org

*Attorneys for Intervenor-Defendants
SalmonState, Alaska Community Action on
Toxics, Alaska Wilderness League, Alaska
Wildlife Alliance, Cook Inletkeeper,
Friends of McNeil River, Kachemak Bay
Conservation Society, National Parks
Conservation Association, National
Wildlife Federation, Sierra Club, The
Alaska Center, and Wild Salmon Center*

Erin Colón (AK Bar No. 1508067)
Charisse Arce (AK Bar No. 2303017)
EARTHJUSTICE
310 K Street, Suite 508
Anchorage, AK 99501
Phone: (907) 277-2500
ecolon@earthjustice.org
carce@earthjustice.org

*Attorneys for Intervenor-Defendants Center
for Biological Diversity and Friends of the
Earth*

Jacqueline Iwata (*pro hac vice pending*)
Thomas Zimpleman (*pro hac vice pending*)
NATURAL RESOURCES DEFENSE
COUNCIL
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
jiwata@nrdc.org
tzimpleman@nrdc.org

Joel Reynolds (*pro hac vice pending*)
NATURAL RESOURCES DEFENSE
COUNCIL
1314 2nd St.
Santa Monica, CA 90401
Phone: (310) 434-2300
jreynolds@nrdc.org

*Attorneys for Intervenor-Defendant Natural
Resources Defense Council*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ILIAMNA NATIVES LTD. and
ALASKA PENINSULA CORP.,

Plaintiffs,

v.

Case No. 3:24-cv-00132-SLG

U.S. ENVIRONMENTAL PROTECTION
AGENCY; MICHAEL S. REGAN, in his
official capacity as Administrator of the
Environmental Protection Agency;
BRUNO PIGOT, in his official capacity as
Environmental Protection Agency's Acting
Assistant Administrator for Water,

Defendants.

**ANSWER OF INTERVENOR-DEFENDANTS SALMONSTATE, ALASKA
COMMUNITY ACTION ON TOXICS, ALASKA WILDERNESS LEAGUE,
ALASKA WILDLIFE ALLIANCE, COOK INLETKEEPER, FRIENDS OF
MCNEIL RIVER, KACHEMAK BAY CONSERVATION SOCIETY, NATIONAL
PARKS CONSERVATION ASSOCIATION, NATIONAL WILDLIFE
FEDERATION, SIERRA CLUB, THE ALASKA CENTER, WILD SALMON
CENTER, CENTER FOR BIOLOGICAL DIVERSITY, FRIENDS OF THE
EARTH, AND NATURAL RESOURCES DEFENSE COUNCIL TO ILIAMNA
NATIVES LIMITED AND ALASKA PENINSULA CORPORATION'S
COMPLAINT**

Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska

Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil

River, Kachemak Bay Conservation Society, National Parks Conservation Association,

National Wildlife Federation, Sierra Club, The Alaska Center, Wild Salmon Center,

Center for Biological Diversity, Friends of the Earth, and Natural Resources Defense

Council, (collectively "Intervenor-Defendants") hereby answer the Complaint filed by

Plaintiffs Iliamna Natives Limited and Alaska Peninsula Corporation ("Plaintiffs") in the

above-captioned action on June 24, 2024. ECF 1.

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 2 of 21

## GENERAL DENIAL

Intervenor-Defendants deny all factual allegations in the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not expressly admitted, denied, or qualified below.

## JURISDICTION AND VENUE

1.     Paragraph 1 states legal conclusions to which no response is required.

2.     Paragraph 2 states legal conclusions to which no response is required.

3.     Paragraph 3 states legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the location where Plaintiffs reside, and on that basis denies it.

## INTRODUCTION

4.     The allegations in the first and second sentences of Paragraph 4 constitute Plaintiffs' characterization of the Clean Water Act. 33 U.S.C. § 1344. The statute provides the best evidence of its contents, to which no response required. Any allegations contrary to the statute's plain language, meaning, and context are denied. Intervenor-Defendants deny the allegation in the last sentence of Paragraph 4.

5.     Intervenor-Defendants deny the allegation in the first sentence of Paragraph 5. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, deny the same.

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 3 of 21

6.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny them.

7.     Intervenor-Defendants, upon information and belief, admit the allegation in the first sentence of Paragraph 7, that the Pebble Limited Partnership ("Pebble Partnership") submitted a permit application under Section 404(b) of the Clean Water Act to the U.S. Army Corps of Engineers ("Army Corps"). The remaining allegations in Paragraph 7 constitute Plaintiffs' characterization of the Environmental Protection Agency's ("EPA") decision related to the Final Determination and their actions related to the Pebble Partnership's Clean Water Act permit application. The Final Determination provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations. The allegation in the last sentence of Paragraph 7 constitutes Plaintiffs' characterization of the Army Corps' actions related to the Pebble Partnership's Clean Water Act permit application. The Army Corps' Record of Decision provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations.

8.     The allegations in Paragraph 8 constitute Plaintiff's characterization of the Clean Water Act and congressional history. The statute and congressional history provide the best evidence of its contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations.

9.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny them.

10.     Denied.

## PARTIES

### Plaintiffs

11.     The allegations in the first sentence of Paragraph 11 state legal conclusions, to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 11, and on that basis deny them.

12.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them. Intervenor-Defendants, on information and belief, admit that Iliamna is about 17 miles from the Pebble deposit.

13.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny them.

14.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny them.

15.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

SalmonState, et al.'s Answer to Plaintiff's Complaint                     Page 5 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 5 of 21

16.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

**Defendants**

17.      Intervenor-Defendants admit EPA is an agency of the United States government, and that it issued the Final Determination under Section 404(c) of the CWA that is the subject matter of the Complaint.

18.      Intervenor-Defendants admit Michael S. Regan is the Administrator for EPA. The allegation in the second sentence of Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

19.      Intervenor-Defendants admit Bruno Pigott is EPA's Acting Assistant Administrator for the Office of Water. Intervenor-Defendants, on information and belief, admit the allegation in the second sentence of Paragraph 19 that the Final Determination was issued on or about January 30, 2023, and signed by Radhika Fox, then EPA's Assistant Administrator for the Office of Water. The allegation in the last sentence of Paragraph 19 states a legal conclusion, to which no response is required.

**LEGAL BACKGROUND**

20.      The allegations in Paragraph 20 state legal conclusions and constitute Plaintiffs' characterization of the Clean Water Act, to which no response is required. *See*

33 U.S.C. § 1344(c). The statute provides the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

21.     The allegations in Paragraph 21 state legal conclusions and constitute Plaintiffs' characterization of the Clean Water Act, to which no response is required. The statute provides the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

22.     The allegations in Paragraph 22 state legal conclusions and constitute Plaintiffs' characterization of the Clean Water Act, to which no response is required. The statute provides the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

23.     The allegation in the first sentence of Paragraph 23 states a legal conclusion, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegation. The allegation in the second sentence of Paragraph 23 constitutes Plaintiffs' characterization of the Ninth Circuit's decision in *Trout Unlimited v. Pirzadeh*, 1 F.4th 738 (9th Cir. 2021), to which no response is required. The decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

## FACTUAL ALLEGATIONS

24.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of the first sentence in Paragraph 24, and on that

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 7 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG    Document 42    Filed 10/16/24    Page 7 of 21

basis denies it. Intervenor-Defendants, on information and belief, admit that the Pebble deposit is a deposit of copper and other minerals in southwestern Alaska. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in the last sentence of Paragraph 24, and on that basis denies it.

25.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 25, and on that basis denies it. Intervenor-Defendants, on information and belief, admit that the Pebble deposit is northwest of Iliamna and Newhalen. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 25, and on that basis deny them.

26.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 26, and on that basis denies it. Intervenor-Defendants, on information and belief, admit that Northern Dynasty Minerals Ltd. acquired claims related to the Pebble deposit.

27.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.


### *Agency Proceedings*

28.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 28 regarding

standard mining practices, and on that basis, deny it. The allegation in the second sentence of Paragraph 28 constitutes Plaintiffs' characterization of a portion of the Final Determination, to which no response is required. The Final Determination provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

29.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and on that basis, deny them.

30.     Intervenor-Defendants admit only that opponents of the mine petitioned EPA to use its authority under the Clean Water Act to protect Bristol Bay's aquatic resources.  Intervenor-Defendants deny the remaining allegations and characterizations in the first sentence of Paragraph 30. To the extent the allegations in the first sentence of Paragraph 30 state legal conclusions and characterize portions of the Final Determination, no response is required. The Final Determination provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations. The allegation in the last sentence of Paragraph 30 is vague and ambiguous, and on that basis Intervenor-Defendants deny the allegation. Further, to the extent the allegations in the last sentence of Paragraph 30 suggest EPA's actions were unlawful, unreasonable, or improper, Intervenor-Defendants deny them.

31.     Intervenor-Defendants, on information and belief, admit that in 2014, EPA published in the Federal Register a Notice of Proposed Determination under Section

404(c) of the Clean Water Act to restrict the use of certain waters in the South Fork Koktuli, North Fork Koktuli, and Upper Talarik Creek watersheds as disposal sites for dredged or fill material associated with mining the Pebble deposit. 79 Fed. Reg. 42,314 (July 21, 2014). Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 31 concerning what EPA reviewed and the intentions or plans of the Pebble Partnership, and on that basis deny them.

32.     Intervenor-Defendants admit that the Pebble Partnership challenged EPA's 2014 Proposed Determination in a series of lawsuits, which brought EPA's Section 404(c) review process to a halt. *See* Order on Preliminary Injunction, *PLP v. EPA*, No. 3:14-cv-0171-HRH (D. Alaska Nov. 25, 2014), ECF No. 90. To the extent the allegations in Paragraph 32 characterize proceedings or district court orders, the decision, pleadings, proceedings, and record in these cases provide the best evidence of their contents and no response is required. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants admit that the Pebble Partnership and EPA settled litigation ("settlement agreement") regarding the 2014 Proposed Determination. To the extent the allegations in the last sentence of Paragraph 32 purport to characterize the settlement agreement, the settlement agreement provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiff's Complaint                      Page 10 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 10 of 21

33.     Intervenor-Defendants, on information and belief, admit that in 2017, the Pebble Partnership submitted a permit application under Section 404(b) of the Clean Water Act to the Army Corps. To the extent the allegation in the first sentence of Paragraph 33 purports to characterize the permit application, the permit application speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants, on information and belief, admit that in 2020, the Pebble Partnership submitted a revised permit application to the Army Corps. To the extent the allegation in the second sentence of Paragraph 33 purports to characterize the permit application, the permit application speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants admit that the Army Corps released the Pebble Project Final Environmental Impact Statement (FEIS) in July 2020. 85 Fed. Reg. 44,890 (July 24, 2020). Plaintiffs' characterizations of the FEIS require no response, as the FEIS provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

34.     Intervenor-Defendants, on information and belief, admit that the Army Corps issued a Record of Decision on November 20, 2020, and a denial letter to the Pebble Partnership on November 25, 2020. Intervenor-Defendants deny any allegation suggesting the Army Corps' actions were unreasonable, improper, unlawful, or otherwise unfounded.

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 11 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 11 of 21

35.     Intervenor-Defendants, on information and belief, admit the Pebble Partnership administratively appealed the Army Corps' denial of its Section 404 permit application. Intervenor-Defendants, on information and belief, admit that the Army Corps' permit denial was remanded to the Alaska District of the Army Corps. The allegations in the second sentence of Paragraph 35 constitute Plaintiffs' characterizations of the Army Corps' remand decision, which requires no response. The Army Corps' remand decision provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

36.     The allegations in Paragraph 36 constitute legal conclusions and characterizations of a district court case and a Ninth Circuit opinion, which requires no response. The proceedings, pleadings, decisions and records in these cases provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

37.     The allegation in the first sentence of Paragraph 37 is vague and ambiguous, and on that basis, Intervenor-Defendants deny the allegation. The remaining allegations in the second and third sentence of Paragraph 37 constitute legal conclusions and characterizations of a district court case, which requires no response. The proceedings, pleadings, decisions and records in this case provide the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants, upon information and belief, admit the Final Determination was

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 12 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 12 of 21

issued in 2023. Intervenor-Defendants deny any allegations that suggest EPA's actions were incomplete, preemptive, unreasonable, unlawful, or otherwise improper.

38. The allegations in the first and second sentences of Paragraph 38 constitute Plaintiffs' characterizations of the Final Determination, which requires no response. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegation in the last sentence of Paragraph 38 states a legal conclusion and constitutes Plaintiffs' characterization of the FEIS, which requires no response. The FEIS provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations.

39. The allegations in the first and second sentences of Paragraph 39 constitute Plaintiffs' characterization of the Final Determination, which requires no response. The Final Determination provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

40. The allegations in Paragraph 40 constitute Plaintiffs' characterization of the Final Determination, which requires no response. The Final Determination provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

41. Intervenor-Defendants, on information and belief, admit that a Special Public Notice was issued by the Alaska District of the Army Corps denying the Pebble

Partnership's permit application without prejudice in April 2024. The remaining allegations in Paragraph 41 constitute Plaintiffs' characterization of the Special Public Notice, which requires no response. The Special Public Notice provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

42.     The allegations in the first and second sentences of Paragraph 42 state legal conclusions, to which no response is required. The allegation in the last sentence of Paragraph 42 constitutes Plaintiffs' characterization of the Final Determination and requires no response, as the Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

43.     The allegation in Paragraph 43 states a legal conclusion and constitutes Plaintiff's characterization of the Final Determination, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

### *Injuries to Iliamna Natives and APC*

44.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and on that basis deny them.

45.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and on that basis deny them.

SalmonState, et al.'s Answer to Plaintiff's Complaint                     Page 14 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 14 of 21

46.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them.

47.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them.

48.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and on that basis deny them.

49.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny them.

50.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny them.

51.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny them.

52.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them.

53.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny the allegations in Paragraph 53 suggesting EPA's actions and decisions were unreasonable, improper, incomplete, or unlawful.

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 15 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 15 of 21

## DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

54.     This paragraph incorporates by reference the allegations set forth in Paragraphs 1 to 53, and no response is required. To the extent a response is required, Intervenor-Defendants incorporate by reference its responses to Paragraphs 1 to 53.

55.     The allegations in Paragraph 55 state legal conclusions, to which no response is required.

56.     The allegations in the first sentence of Paragraph 56 state legal conclusions, to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56, and on that basis deny them.

57.     The allegations in Paragraph 57 state legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis deny them. The allegations in Paragraph 57 also constitute Plaintiffs' characterization of its claims and requested relief and therefore does not require a response. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

58.     The allegations in Paragraph 58 state legal conclusions, to which no response is required. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 16 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 16 of 21

59.     The allegations in Paragraph 59 state legal conclusions, to which no response is required.

## CLAIM FOR RELIEF

**The Final Determination Is Void Because the Section 404(c) Veto Authority Violates the Separation of Powers**
**(U.S. Const. art. I, §1, and 5 U.S.C. § 706(2)(B))**

60.     This paragraph incorporates by reference the allegations set forth in Paragraphs 1 to 59, and no response is required. To the extent a response is required, Intervenor-Defendants incorporate by reference its responses to Paragraphs 1 to 59.

61.     The allegations in Paragraph 61 constitute Plaintiffs' characterization of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B), to which no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

62.     The allegations in Paragraph 62 constitute Plaintiffs' characterization of the U.S. Constitution, to which no response is required. The Constitution provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63.     The allegations in Paragraph 63 constitute Plaintiffs' characterizations of three U.S. Supreme Court decisions, to which no response is required. The Courts' decisions provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiff's Complaint                    Page 17 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 17 of 21

64.     The allegations in Paragraph 64 constitute Plaintiffs' characterization of the Clean Water Act, to which no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

65.     The allegations in Paragraph 65 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

66.     The allegations in Paragraph 66 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 66 also constitute Plaintiffs' characterization of a Ninth Circuit decision, to which no response is required. The decision provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 66 suggest EPA's actions were unreasonable, unsupported, or otherwise unlawful, Intervenor-Defendants deny them.

67.     The allegation in the first sentence of Paragraph 67 states a legal conclusion, to which no response is required. The allegation in the second sentence of Paragraph 67 states a legal conclusion and characterizes a U.S. Supreme Court decision, to which no response is required. The decision provides the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied. The allegation in the third sentence of Paragraph 67 states legal conclusions and Plaintiffs' characterization  of federal regulation 40 C.F.R. § 231.2(e). The regulation provides the

SalmonState, et al.'s Answer to Plaintiff's Complaint                                     Page 18 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 18 of 21

best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied. The allegation in the last sentence of Paragraph 67 states a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied. Intervenor-Defendants deny any allegations in Paragraph 67 that suggests EPA's actions were unreasonable, unlawful, unconstitutional, or otherwise improper.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiffs' prayer for relief and require no response. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Intervenor-Defendants affirmatively allege that Plaintiffs have failed to assert a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

2. Intervenor-Defendants affirmatively allege that Plaintiffs' Complaint fails to establish that some or all of its claims are ripe for judicial review.

3. Intervenor-Defendants affirmatively allege that Plaintiffs have waived their right to judicial review of issues not raised before the administrative agency.

4. Intervenor-Defendants affirmatively allege Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the law of the case.

SalmonState, et al.'s Answer to Plaintiff's Complaint                Page 19 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 19 of 21

5. Intervenor-Defendants reserve the right to assert additional affirmative defenses, if applicable, as the case progresses.

## REQUEST FOR RELIEF

Intervenor-Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants and Intervenor-Defendants, award Defendants and Intervenor-Defendants their attorney fees and costs, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of October, 2024,

s/ Siobhan McIntyre
Siobhan McIntyre (AK Bar No. 1206050)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
*Attorneys for Intervenor-Defendants SalmonState,*
*Alaska Community Action on Toxics, Alaska*
*Wilderness League, Alaska Wildlife Alliance, Cook*
*Inletkeeper, Friends of McNeil River, Kachemak Bay*
*Conservation Society, National Parks Conservation*
*Association, National Wildlife Federation, Sierra Club,*
*The Alaska Center, and Wild Salmon Center*

s/ Charisse Arce (with consent)
Charisse Arce (AK Bar No. 2303017)
Erin Colón (AK Bar No. 1508067)
EARTHJUSTICE
*Attorneys for Intervenor-Defendants Center for*
*Biological Diversity and Friends of the Earth*

s/ Thomas Zimpleman (with consent)
Thomas Zimpleman (*pro hac vice pending*)
Jaqueline Iwata (*pro hac vice pending*)

SalmonState, et al.'s Answer to Plaintiff's Complaint                      Page 20 of 21
*Iliamna Natives Ltd. et al. v. EPA*, Case No. 3:24-cv-00132-SLG

Joel Reynolds (*pro hac vice pending*)
NATURAL RESOURCES DEFENSE COUNCIL
*Attorneys for Intervenor-Defendant Natural Resources Defense Council*

Case 3:24-cv-00132-SLG   Document 42   Filed 10/16/24   Page 21 of 21